UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| **Ericka Hall,** | | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | CIVIL ACTION NO. 3:24-cv-1862-E |
| **The TJX Companies, Inc.,** | § | |
| **Zurich American** | § | |
| **Insurance Company,** | § | |
| *Defendants* | § | |
| | § | |
| | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND**

**NOW COMES,** Ericka Hall, who for the purpose of supplementing and amending her first amended cause of action [Dkt. No. 17] filed herein, offers the following:

**I. Parties**.

1. Plaintiff, Ericka Hall is and was a resident of Collin County, Texas at all relevant times.

2. Defendant, The TJX Companies, Inc. D/B/A T.J. Maxx, Inc., TJ Maxx, Marshalls, Inc., Marshalls and Marmaxx Operating Corp. (collectively "TJX"). Service of said Defendant, TJX may be accomplished at Corporation Service Company D/B/A CSC – Lawyers Incorporated at 211 E., 7th Street, Suite 620 Austin, Texas 78701.

3. Defendant, TJX is now, and at all times relevant was, a foreign corporation, incorporated in the state of Delaware where it is organized with its principal place of business in Framingham, Massachusetts; and, TJX is operating as a foreign corporation doing business under the laws of the State of Texas.

1

4. Defendant, TJX owns, operates and does business as "TJ Maxx" located at 12 Richardson Heights, Richardson, Texas, 75080 and is in the business of "global off-price retail by offering assortments of fashionable, brand name and designer merchandise at prices ranging from 20% to 60% below full-price retailers' regular prices for comparable merchandise that the company is selling to the public.

5. At all material times, each TJX Defendant was the agent and employee of every other Defendant in doing the events described and was at all times acting within the purpose and scope of such agency and employment and are vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees and contractors.

6. Plaintiff desires to supplement and amend the Original Cause of Action so as to name as a defendant, Zurich American Insurance Company (ZAIC), a foreign insurer believed to be domiciled with its principal place of business in the state of Illinois.  ZAIC is an Illinois citizen for purposes of diversity of citizenship.  ZAIC is a subsidiary of Zurich Insurance Group, Ltd.

7. Plaintiff desires to supplement and amend the First Amended Cause of Action so as to correct the name of defendant, TJX Companies to "The TJX Companies, Inc."

8. Defendants, TJX include John Does and Jane Does, Zurich Insurance Group, Ltd., Zurich American Insurance Company, ABC Corporations, Limited Liability Companies and/or partnerships, who collectively are persons and entities some whose true identities are unknown to Plaintiff, who together with named Defendants contributed to causing Plaintiff's injuries and damages. Plaintiff, Ericka Hall will amend her Complaint when the true names of those Defendants become known.

9. At all times material hereto, and particularly at the time of the accident described herein, ZAIC was the liability insurer of the TJX Defendants, pursuant to a policy number GLO 4020145-15.  Pursuant to the terms of said insurance contract, ZAIC did agree to stand in judgment jointly, severally and/or solidarily with The TJX Companies, Inc. and the TJ Maxx store for their negligent acts which caused the injuries and damages complained of herein.

10. At all material times, Defendant, TJX (collectively the "TJX Defendants") includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

11. Plaintiff was granted leave of court to file this Second Amending Complaint in the order dated December 4, 2024 [Dkt. No. 16]

12. Jurisdiction and venue are proper as the events giving rise to Plaintiff's Complaint occurred in Dallas County, Texas and the amount in controversy exceeds the minimal jurisdictional requirements of this Court.

## II. Discovery-Control Plan

13. Texas State procedures are superseded by the Federal Rules of Civil Procedure (FRCP).

## III. Jurisdiction and Venue

14. The subject matter in controversy is within the jurisdictional limits of this court. The plaintiff is a citizen of Texas and the Defendant, TJX is a corporation incorporated under the state laws of Delaware, with its principal place of business in Massachusetts. Defendant, TJX is a Massachusetts citizen for purposes of diversity of citizenship. ZAIC is an Illinois citizen for purposes of diversity of citizenship. Plaintiff believes that ZAIC is a subsidiary of Zurich Insurance Group, Ltd.

15. This court has personal jurisdiction herein because the TJX Defendants are operating a business in Texas. Venue in Dallas County is proper in this cause pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to this lawsuit occurred in this county. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332. This case is properly filed in the Northern District of Texas Federal Court.

## IV. Facts and Premises Liability Claim

16. Plaintiff brings this action for personal injury sustained by her. On July 23, 2022, and prior and subsequent thereto, the Defendant TJX Companies, Inc., owned, possessed, controlled, maintained, and managed the premises commonly described as the TJ Maxx store, located at 12 Richardson Heights, Richardson, Texas 75080, Dallas County, Texas.

17. On July 23, 2022, the Plaintiff, Ericka Hall, was a business invitee and customer of TJX Defendants' TJ Maxx Store, and as such invitee and customer, was properly on said premises to return an item she had previously purchased from the TJX Defendants' TJ Maxx Store.

18. On July 23, 2022, the Plaintiff, Ericka Hall, was walking out of the store, when she tripped and fell due to an obstruction, that she believes is best described as a

defective threshold in need of repair at the exit door, that is on the common walking floor area of the exit, which was on the premises of the TJX Defendants. The obstruction from the defective exit ramp, was there for at least forty-five (45) minutes – the duration Ericka Hall was in the store prior to exiting.

19. It was the duty of the TJX Defendants, by and through its duly authorized agents, servants, and employees, to exercise all due care and caution for the safety of the Plaintiff, Ericka Hall and other members of the public on its premises, but the TJX Defendants did not regard its duty, or use due care she believes on behalf of the Plaintiff, Ericka Hall by and through its authorized agents, servants, and employees in that behalf, and negligently and carelessly allowed the aforesaid premises to be unsafe to traverse by customers invited into its store as they exited.

20. On July 23, 2022, the TJX Defendants, by and through its agents, servants, and employees, failed to make the premises safe for Ericka Hall, an invitee, in one or more of the following respects:

    a) Carelessly and negligently failed to provide reasonably safe premises for persons in the store as they exited;

    b) Carelessly and negligently failed to maintain said exit pathway;

    c) Carelessly and negligently permitted a dangerous obstruction of a defective threshold at the exit ramp of the store to be present in an area where customers traversed;

    d) Carelessly and negligently failed to warn customers of the presence of the hazard on the floor of said exit of the business;

    e) Carelessly and negligently failed to repair and/or warn customers of the hazard as they exited the store after it knew or should have known that the defective obstruction from the threshold presented a danger to its customers;

    f) Carelessly and negligently failed to maintain the premises owned by the TJX Defendants in a good and safe condition for the Plaintiff and others;

    g) Failing otherwise to comply with the applicable laws and regulations of the State of Texas and the applicable Federal laws and regulations;

    h)      Carelessly and negligently failed to exercise the degree of care required under the circumstances;

    i)      Otherwise, being negligent for ordinary negligence and business premises negligence.

    j)      Despite knowing that the hazard existed and that the threshold was in need of repair, the TJX Defendants did not place warning signs in the area, did not place any protective coverings like a skid proof mat on the floor over the damaged threshold to prevent falls. All such failures are negligent.

    k)      The TJX Defendants did not take safety seriously at the store. Defendant's safety training was inadequate at best. No schedule was set to do floor inspections and no person was in charge of inspecting at any time.

21. As a direct and proximate cause resulting from the negligence of one or more of the above set forth failures by the TJX Defendants by and through its duly authorized agents, servants, and employees, the Plaintiff, Ericka Hall suffered injuries, incurred severe pain and suffering, incurred medical expenses, and lost wages. Plaintiff has, may, and probably will for an indefinite time in the future suffer great pain, medical expense, lost earning capacity, inconvenience, embarrassment, and mental anguish. Plaintiff has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and her overall health, strength, and vitality has been greatly impaired, without any negligence of the Plaintiff, Ericka Hall contributing thereto.

## V. Damages

22. Plaintiff, Ericka Hall seeks recovery from the TJX Defendants for her damages incurred as a result of the TJX Defendants' liability, Plaintiff sustained bodily injury as set forth above and also received medical care for the injuries. Plaintiff, Ericka Hall was diagnosed with a shoulder separation and is still undergoing treatment for the injury.  The shoulder injury was described medically as a grade 2 AC (acromioclavicular) separation following examination by a leading orthopedic surgeon, Dr. Scott Paschal.  Plaintiff has received and continues to be treated by Dr. Paschal as well as receiving ongoing physical therapy.  Plaintiff suffers medical expenses, loss of sleep, lost work, lost earning capacity, pain and suffering and other mental anguish, disability in the past and future. Plaintiff also seeks pre and post judgment interest.

## VI. Jury Trial

23. Plaintiff, Ericka Hall demands a jury trial on all issues so triable and has/will tender the appropriate fee.

## VII. Conditions Precedent

24. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VIII. Request for Disclosure

25. Under Texas Rule of Civil Procedure 194, Plaintiff requests that TJX Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2, as well as disclosures under Fed. R. Civ. P. 7.1(a), Fed. R. Civ. P. 26, and Texas Rule of Civil Procedure 194, et. seq.

## IX. Prayer

26. For these reasons Plaintiff, Ericka Hall respectfully prays that the TJX Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered against the TJX Defendants for the general, special, economic, actual, and exemplary damages requested above, in an amount in excess of the minimum jurisdictional limits of the court, together with pre- and post-judgment interest at the maximum rate allowed by law, costs of court, costs incurred in pursuing these claims, and such other and further relief to which the Plaintiff, Ericka Hall may be entitled at law or in equity, whether pled or unpled as the Court deems just and fair.

Respectfully submitted,

   s/Ericka Hall
Ericka Hall
4009 Bramley Way
Plano, Texas   75093
Tel: (214) 923-0719
Email: ehall719@gmail.com