IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERICKA HALL,                      §
                                  §
              Plaintiff,          §
                                  §
V.                                §        No. 3:24-cv-1862-E-BN
                                  §
TJX COMPANIES, INC. and           §
ZURICH AMERICAN INSURANCE         §
COMPANY,                          §
                                  §
              Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On July 22, 2024, Plaintiff Ericka Hall filed a *pro se* complaint against

Defendant TJX Companies, Inc. related to injuries Hall sustained at a TJ Maxx

located in Dallas County, Texas. *See* Dkt. No. 3.

United States District Judge Ada Brown referred this lawsuit to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

For the reasons explained below, the complaint, as to Defendant TJX

Companies, Inc. should be dismissed without prejudice.

**Background**

On August 19, 2024, the Court entered an order advising that, since Hall paid

the statutory filing fee, Hall undertook the obligation to (1) properly serve each

defendant with a summons and the complaint in compliance with Federal Rule of

Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See* FED. R.

- 1 -

CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service). And Hall also was required to file with the Court, as applicable, a proof of service in accordance with Rule 4(l) or an executed waiver of service before Monday, October 21, 2024. *See* Dkt. No. 4.

On October 31, 2024, Hall filed a motion to extend her time to serve defendant. *See* Dkt. No. 5. And the Court granted the motion on November 5, 2024, extending Hall's time to properly effect service to December 5, 2024. *See* Dkt. No. 7.

On November 19, 2024, Hall requested civil summons for two defendants – TJX Companies and Zurich American Insurance Company. *See* Dkt. Nos. 10 & 11. The clerk issued the requested summons only for TJX Companies. *See* Dkt. No. 12. Although TJX Companies was properly identified in the Complaint [Dkt. No. 3], Zurich American Insurance Company was not.

On November 22, 2024, Hall moved to amend the Court's prior order to require service only on TJX Companies *See* Dkt. No. 13. The Court granted the motion on November 26, 2024. *See* Dkt. No. 14. And the Court ordered Hall to file an amended complaint by December 20, 2024, correctly naming all parties in the caption if she wished to proceed against any other defendants. *Id.*

On November 27, 2024, Hall again moved to amend the Court's order and requested that the Court extend her time to serve TJX Companies until an unspecified date after her deadline to file an amended complaint. *See* Dkt. No. 15.

On December 4, 2024, the Court ordered Hall to serve Defendant TJX

Companies and file proof of service with the Court by no later than January 17, 2025. *See* Dkt. No. 16.

And in that order, the Court cautioned Hall that if proper service was not made and shown to the Court, the undersigned would recommend that this case be dismissed without prejudice for failure to prosecute and to obey court orders. *See id.* (citing FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b)).

On December 19, 2024, Hall filed her Amended Complaint, which also named Zurich American Insurance Company as a defendant. *See* Dkt No. 18. Zurich American Insurance Company has appeared in this action and filed a motion to dismiss, which is pending before the Court. *See* Dkt No. 23.

On April 3, 2025, the Court ordered Hall, once again, to serve Defendant TJX Companies and file proof of service with the Court by April 11, 2025. *See* Dkt. No. 30. And in that order, the Court cautioned Hall, for a second time, that if proper service was not made and shown to the Court, the undersigned would recommend that this case be dismissed without prejudice for failure to prosecute and to obey court orders. (citing FED. R. CIV. P. 41(b)).

To date, Hall has not provided the Court with any proof or supporting documentation that Defendant TJX Companies has been properly served.

And, so, this case should be dismissed without prejudice under FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b)).

## Legal Standards

Rule 4(m) of the Federal Rules of Civil Procedure governs the time within

which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m)

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons,* 77 F.3d 878, 879–80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992).

## Analysis

Hall failed to serve Defendant TJX Companies within 90 days after she filed her complaint despite the Court's instructions to do so. *See* Dkt No. 4.

The Court then ordered Hall to serve TJX Companies within a specific time. *See* Dkt Nos. 7, 16, & 30.

But, to date, the docket does not reflect that Hall has served TJX Companies.

And, so, dismissal is warranted for failure to prosecute, and, specifically,

because she failed to timely Defendant TJX Companies after the Court provided her notice of the consequences of such failure. *Accord Trejo v. US Senate*, No. 1:23-cv-00067-H-BU, 2024 WL 1863392 (N.D. Tex. Apr. 2, 2024) (explaining that failure to serve process alone warrants dismissal); *see also Veronica B. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847 (N.D. Tex. Oct. 10, 2019).

And dismissal is warranted because of Hall's failure to comply with multiple court orders, including the Court's Order Regarding Service, which provided Hall until April 11, 2025, to show that she has properly served Defendant TJX Companies.

That deadline has passed without any response from Hall.

The undersigned has no reason to believe that Hall's failure to prosecute or comply with court orders is the result of some improper motive. And, so, the Court should dismiss Hall's claim as to Defendant TJX Companies without prejudice.

## Recommendation

The Court should dismiss Hall's complaint, as to Defendant TJX Companies, without prejudice under FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b)).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: April 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE