IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICKA HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1862-E-BN |
| | § | |
| TJX COMPANIES, INC. and | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Plaintiff Ericka Hall filed a *pro se* complaint against Defendant TJX Companies, Inc. related to injuries Hall sustained at a TJ Maxx located in Dallas County, Texas. *See* Dkt. No. 3.

The undersigned recommended that this case, as to Defendant TJX Companies, should be dismissed without prejudice under FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b). *See* Skt. No. 33. And, after no objections were filed, Judge Brown adopted the undersigned's recommendation. *See* Dkt. No. 35.

Hall then filed this Motion for Relief from Judgment under Federal Rules of Civil Procedure 60(b), 4(l)(3), and 59(3), but the undersigned construes it as a motion brought solely under Rule 60(b). *See* Dkt. No. 37.

For the reasons explained below, the Court should deny Hall's Motion [Dkt. No. 37].

## Background and Procedural History

Prior orders have documented the background and procedural history of this case. *See e.g.*, Dkt. No. 33. The information that follows is repeated here for reference and supplemented with information relevant to the issues now presented before the Court.

Hall filed her *pro se* complaint against Defendant TJX Companies on July 22, 2024. *See* Dkt. No. 3.

On August 19, 2024, the Court entered an order advising that, since Hall paid the statutory filing fee, Hall undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See* FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service). And Hall also was required to file with the Court, as applicable, a proof of service in accordance with Rule 4(l) or an executed waiver of service before Monday, October 21, 2024. *See* Dkt. No. 4.

On October 31, 2024, Hall filed a motion to extend her time to serve defendant. *See* Dkt. No. 5. And the Court granted the motion on November 5, 2024, extending Hall's time to properly effect service to December 5, 2024. *See* Dkt. No. 7.

On November 19, 2024, Hall requested civil summons for two defendants –

TJX Companies and Zurich American Insurance Company. *See* Dkt. Nos. 10 & 11. The clerk issued the requested summons only for TJX Companies. *See* Dkt. No. 12. Although TJX Companies was properly identified in the Complaint [Dkt. No. 3], Zurich American Insurance Company was not.

On November 22, 2024, Hall moved to amend the Court's prior order to require service only on TJX Companies *See* Dkt. No. 13. The Court granted the motion on November 26, 2024. *See* Dkt. No. 14. And the Court ordered Hall to file an amended complaint by December 20, 2024, correctly naming all parties in the caption if she wished to proceed against any other defendants. *Id.*

On November 27, 2024, Hall again moved to amend the Court's order and requested that the Court extend her time to serve TJX Companies until an unspecified date after her deadline to file an amended complaint. *See* Dkt. No. 15.

On December 4, 2024, the Court ordered Hall to serve Defendant TJX Companies and file proof of service with the Court by no later than January 17, 2025. *See* Dkt. No. 16.

And in that order, the Court cautioned Hall that if proper service was not made and shown to the Court, the undersigned would recommend that this case be dismissed without prejudice for failure to prosecute and to obey court orders. *See id.* (citing FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b)).

On December 19, 2024, Hall filed her Amended Complaint, which also named Zurich American Insurance Company as a defendant. *See* Dkt No. 18. Zurich American Insurance Company has appeared in this action and filed a motion to

dismiss, which is pending before the Court. *See* Dkt No. 23.

On April 3, 2025, the Court ordered Hall, once again, to serve Defendant TJX Companies and file proof of service with the Court by April 11, 2025. *See* Dkt. No. 30. And in that order, the Court cautioned Hall, for a second time, that if proper service was not made and shown to the Court, the undersigned would recommend that this case be dismissed without prejudice for failure to prosecute and to obey court orders. (citing FED. R. CIV. P. 41(b)).

After that deadline passed and Hall had still not provided the Court with proof that Defendant TJX Companies had been properly served, the undersigned recommended dismissal of Hall's complaint against TJX Companies without prejudice under FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b). *See* Dkt. No. 33.

The undersigned explained that Hall failed to show that she had properly served TJX Companies despite the Court's instructions, on multiple occasions, to do so. *See id.* at 4-5. The Court provided her with notice of the consequences of such failure, and dismissal was warranted because she failed to prosecute her action and comply with multiple court orders. *See id.*

## Legal Standards

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* Fed. R. Civ. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* 60(b)(1)-(6).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Hall] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)).

Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). And the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (internal quotations and alterations omitted); *see also Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) ("[T]he Rule's catchall category, subdivision (b)(6), which permits a court to reopen a judgment for 'any other reason that justifies relief[,]'" "is available only in 'extraordinary circumstances.' In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" (citations omitted)).

## Analysis

Hall's motion relies primarily on Rule 60(b)(1) and asks the Court for relief based on "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

In support of her motion, Hall attaches a proof of service form that shows service was purportedly effectuated on Defendant TJX Companies, through its registered agent, on January 17, 2025. *See* Dkt. No. 37 at 19-20.

And Hall attempts to provide justification for why she failed to comply with the Court's orders and show to the Court, through proof of service, that she had properly served Defendant TJX Companies by the deadlines established by Rule 4(m) and as extended by the Court. *See* Dkt. No. 37 at 2-4.

But, insofar as Hall properly served Defendant TJX Companies on January 17, 2025, the undersigned is not persuaded by her argument that, as a *pro se* litigant, it was her "honest belief that [co-Defendant] Zurich's motion to dismiss was evidence of service on all defendants." *Id.* at 3.

After granting multiple extensions to serve Defendant TJX Companies and file with the Court proof of service, *see* Dkt Nos. 7 & 14, the Court ordered Hall to file proof of service no later than January 17, 2025, *see* Dkt. No. 16. But Zurich's motion was filed on February 4, 2025. *See* Dkt. No. 23.

And, so, the undersigned cannot reconcile how a motion filed more than two weeks later after Hall's January 17, 2025 deadline to file proof of service excused her of that requirement.

For the same reason, the Court should reject Hall's argument that because "Document Numbers 28 through 32 [] were filed within days of each other … in her confusion of trying to understand all the filings, [she] concluded that these filings were evidence of service on all defendants." Dkt. No. 37 at 3.

The Court's Order Regarding Service entered on April 4, 2025 explicitly stated that Hall was required to file with the Court proof of service on Defendant TJX Companies by April 11, 2025. *See* Dkt. No. 30. And, in that same order, the Court cautioned Hall, for a second time, that if proper service was not made and shown to the Court, the undersigned would recommend that this case be dismissed without prejudice for failure to prosecute and to obey court orders. *See id.* (citing FED. R. CIV. P. 41(b)).

Where a district court—like the Court here did—"expressly advise[s a plaintiff] of the rules governing timely service and grant[s a plaintiff] an extension of time to properly serve the defendants" and, "prior to dismissing the case for failure to properly serve the defendants, ... provide[s a plaintiff] an opportunity to explain why he was unable to serve the defendants in a timely fashion," "[t]he district court [does] not abuse its discretion by dismissing the complaint pursuant to [Rule] 4(m)." *Vafaiyan v. City of Wichita Falls, Tex.*, 317 Fed. Appx. 406, 408 (5th Cir. 2009) (per curiam). And a district court does not abuse its discretion by denying a subsequently-filed Rule 60(b) motion that fails to provide compelling reasons why a judgment under Rule 4(m)—entered after taking the above-outlined precautions— should be reopened. *See id.* (citations omitted).

And, under Rule 60(b)(1), the only provision of the rule potentially applicable here outside the Rule 60(b)(6) catchall—"available only in 'extraordinary circumstances,'" *Buck*, 137 S. Ct. at 777-78, which have not been shown here—"a district court abuses its discretion when it 'reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court,'" *Cartman v. Hunt Cty., Tex.*, No. 3:15-cv-481-L, 2015 WL 3794448, at *1 (N.D. Tex. June 18, 2015) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)). And "[e]ven *pro se* litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls, Tex.*, 398 Fed. Appx. 989, 990 (5th Cir. 2010) (per curiam) (citations omitted).

And, so, any misapprehension of the service requirements of Rule 4 Hall still may possess—even after the Court provided her notice of those requirements on multiple occasions, *see, e.g.,* Dkt Nos. 4, 14, 16, & 30—does not afford Hall relief under Rule 60(b)(1). *Accord Webb v. Dallas Area Rapid Transit*, No. 3:17-cv-878-M-BN, 2018 WL 1055595 (N.D. Tex. Feb. 1, 2018), *report and recommendation adopted sub nom. Webb v. Dallas Area Rapid Transit (Dart)*, No. 3:17-cv-878-M, 2018 WL 1035136 (N.D. Tex. Feb. 23, 2018).

### Recommendation

Hall's Motion for Relief from Judgment [Dkt. No. 37], construed as a motion under Federal Rule of Civil Procedure 60(b), should be denied.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE